UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-80091-CR-Middlebrooks

UNITED STATES OF AMERICA

v.

AJAY KUMAR,

    Defendant.

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Ajay Kumar ("the defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to the information, which charges the defendant with tax evasion, in violation of Title 26, United States Code, Sections 7201.

2. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that

the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of five years, followed by a term of supervised release of up to three years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000. In addition, the Court may order restitution as a condition of any term of probation or supervised release.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under the previous paragraph of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

5. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's

background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed: The tax loss is more than $250,000, but not more than $550,000. The defendant's base offense level is 18. The defendant's total offense level, before consideration of acceptance of responsibility, but after consideration of all other adjustments, specific offense characteristics, or other facts, is 18.

7. The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will move for an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines. However, the United States will not be required to comply with this paragraph if the defendant: (1) fails or refuses to make full, accurate, and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office, or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

9. This Office and the defendant agree that the following statement of facts is accurate and provides a factual basis for the defendant's plea of guilty. All the stated facts were true at all times relevant to the offense except where more specific times are given.

   a. Kruthi, Inc. ("Kruthi") was incorporated in Florida on September 19, 2003. Kumar was the sole officer and the registered agent. Kruthi's principal place of business was 5891 S. Military Trail #13 Lake Worth, Florida. Kruthi registered "Tri County Discount Liquor" as a fictitious name ("d/b/a") for Kruthi with the Florida Department of State, Division of Corporations.

   b. Kruthi's federal income tax returns return identified Kruthi as an S corporation. An S corporation does not pay income tax. Instead, the corporation's income is

passed through to its shareholders, who must report the income on their personal income tax returns.

  c. Beginning in tax year 2015 and continuing through at least tax year 2018, Kruthi's federal income tax returns were prepared by a tax and accounting firm located in Pompano Beach, Broward County, Florida. The firm prepared the returns based on information provided by Kumar. Each year, the firm sent Kumar a copy of the return and Kumar sent the firm a signed Form 8879-S, IRS e-file Signature Authorization for Form 1120-S. These forms 8879-S authorized the tax and accounting firm to file Kruthi's federal income tax returns on Kruthi's behalf.

  d. On May 29, 2018, the tax and accounting firm submitted Kruthi's Form 1120-S, U.S. Income Tax Return for an S Corporation, for tax year 2017 to the Internal Revenue Service. The return was electronically filed from the tax and accounting firm's office in Pompano Beach, in the Southern District of Florida. The return reported that Kruthi had gross receipts or sales of $653,329, other income from sales of lottery tickets of $32,632, costs to acquire goods of $540,297, deductions for expenses of $143,773, and net income of $1,891. The return identified Kumar as Kruthi's sole shareholder.

  e. On September 5, 2018, a sole proprietor tax preparer submitted a Form 1040, U.S. Individual Income Tax Return, for tax year 2017 to the Internal Revenue Service. The return was for Kumar and his wife, filing jointly. Kumar and his wife each electronically signed the return. The return was filed from the tax preparer's office in Coral Springs, in the Southern District of Florida. The return reported that the Kumars received income from Kruthi in the amount

of $1,891. It also reported that they had adjusted gross income of $62,881, taxable income of $33,981, and a total tax due of $5,664.

   f. Form 1099-K, Payment Card and Third Party Network Transactions, is used by payment settlement entities to report credit card, debit card, and certain other types of payments to a merchant. For tax year 2017, two payment settlement entities submitted Forms 1099-K to the Internal Revenue Service reporting such payments to Kruthi. These forms reported total payments to Kruthi of $673,591.

   g. On December 5, 2019, two Internal Revenue Service ("IRS") Undercover Agents (UCAs) met with Kumar at 5891 S. Military Trail #13 Lake Worth, Florida. That location is a liquor store. The sign on the front of the store identifies the store as "Tri-County Discount Beverage."

   h. The UCAs told Kumar that they were interested in purchasing the liquor store from him. Kumar told the agents that he keeps records of the liquor store's income in two separate retail point-of-sale systems. Kumar stated that he reports the income from one of these systems to his accountant. However, he typically records cash sales on a separate stand-alone cash register and does not report this income. This stand-alone cash register generates paper tapes recording sales amount. Kumar stated that he keeps most of the paper tapes at his home. During the meeting, Kumar left the liquor store, went home, retrieved some of the tapes, came back to the liquor store, and showed the tapes to the UCAs.

   i. On March 5, 2020, IRS agents executed a search warrant at Kumar's home, which is located in Lake Worth, Florida. In a hallway closet, agents found a large number of cash register tapes similar to the ones that Kumar had shown the undercover agents.

   j. As a sample, an IRS analyst randomly selected one month from 2017 and examined the cash register tapes for that month. The randomly selected month was January 2017. The tapes indicated that, in January 2017, Kruthi had cash receipts of $46,439. Extrapolation from that analysis indicates that had cash receipts of $557,268 ($46,439 × 12) in 2017.

   k. An IRS Revenue Agent recalculated the tax due and owing on the Kumars' 2017 personal tax return by adding $557,268 to Kruthi's gross revenue for 2017. The agent determined that Kruthi had net income of $559,158, not $1,891; that Kumar and his wife received income from Kruthi in the amount of $559,158, not $1,891; that they had taxable income of $610,448, not $33,981; and that they had a total tax due and owing of $196,174, not $5,664. Accordingly, they had tax deficiency of $190,510.

   l. Kumar maintains that Kruthi had additional costs that were not reported on its 2017 tax return. As a result of those costs, Kumar maintains that Kruthi's net income was less than the amount calculated by the revenue agent. However, Kumar agrees that, because he failed to

report all Kruthi's gross receipts, he and his wife owed substantial income tax in addition to the amount declared on their 2017 tax return.

10. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

Date: 6/15/2021                By: _____
                                   MARC OSBORNE
                                   ASSISTANT UNITED STATES ATTORNEY

Date: 6/19/21                      _____
                                   RAY HASELMAN
                                   ATTORNEY FOR DEFENDANT

Date: 6/19/21                      _____
                                   AJAY KUMAR
                                   DEFENDANT

8